IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| EDGARDO RODRIGUEZ NIEVES, *et al.*<br><br>    Plaintiffs<br><br>    v.<br><br>CARLOS M. GARCIA, *et al.*<br><br>    Defendants | Civil No. 09-1888 (SEC) |

**MOTION TO STAY FILING OF MOTION FOR SUMMARY JUDGMENT AND SUBSEQUENT PROCEEDINGS UNTIL DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) and MOTION FOR PARTIAL SUMMARY JUDGMENT ARE SOLVED**

**To the Honorable Salvador E. Casellas
U.S. District Court Judge:**

Come now Defendants Carlos M. Garcia and Guillermo Camba in their personal and official capacities, without submitting to the jurisdiction of this Court through their respective undersigned attorneys and respectfully state and pray:

1.   On October 4, 2010, appearing Defendants filed their Amended Motion to Dismiss Plaintiffs' Amended Complaint. *See* Docket No. 63. Previously, on April 5, 2010, Defendant Guillermo Camba had filed a Motion for Partial Summary Judgment. *See* Docket No. 41. As of this moment, both motions are pending before this Honorable Court.

2.   The Court had granted the parties until February 4, 2011, for the filing of dispositive motions, i.e. motions for summary judgment. Docket No. 54.

3.   For the benefit of the Court, Defendants will summarize their arguments stated in these two motions. As was explained in Defendants'

Amended Motion to Dismiss the Amended Complaint, Plaintiffs failed to establish a *prima facie* case of political discrimination, mainly because Plaintiffs did not rely on any fact to establish that Defendants indeed belonged to a different political party than Plaintiff Rodriguez Nieves and because the Amended Complaint was devoid of any fact supporting Plaintiff Rodriguez Nieves' claim that his political affiliation was a fact known to Defendants. *See* Docket No. 63. Moreover, appearing Defendants sustained that these were conclusory allegations that did not meet the plausibility requirement and therefore were not entitled to a presumption of truth by the Court. These mere conclusory allegations looked even fainter when considered that Defendant Camba could not affiliate or vote in Puerto Rico because he is a Spanish citizen. *See* Docket No. 41.

    4.    Likewise, since Plaintiff Rodriguez Nieves had failed to show these two major elements of a political discrimination claim, Defendants argued that it went without saying that Plaintiff Rodriguez Nieves could not succeed in demonstrating the fourth prong, to wit, that political affiliation was a substantial or motivating factor that the challenged employment action stemmed from politically based animus.

    5.  As to Plaintiff Rodriguez Nieves's due process claims, Defendants sustained that his allegations were insufficient to establish an actionable claim under Section 1983. Plaintiff Rodriguez Nieves failed to allege in his Amended Complaint that he was denied due process **and** that he could not obtain adequate remedies pursuant to state law. On the contrary, Plaintiff Rodriguez

Nieves's allegations in his Amended Complaint showed that he was availing of the remedies provided by state law, which made this claim unwarranted.

6. Plaintiff Rodriguez Nieves' Equal Protection claim was just a restatement of his claim under the First Amendment and, therefore, it should be dismissed as well.

7. With respect to Plaintiff Rodríguez Nieves' retaliation claim, it had no independent basis and had no link to any adverse employment action under the First Amendment.  Thus, it should also be dismissed.

8. Pertaining to the remaining claims under the Fifth Amendment and conspiracy, Defendants sustained that these were totally unwarranted, because Defendants: 1) were not employed by the federal government and 2) there was not a single fact in the Amended Complaint suggesting an agreement or conspiracy among appearing Defendants.

9. Appearing Defendants respectfully submit that the motions filed at Docket Nos. 41 and 63 are <u>dispositive of the instant case and that its complete dismissal is fully warranted</u>.  Therefore, in furtherance of securing the just and inexpensive determination of the instant action, and to avoid further expenses and litigation costs, Federal Rule of Civil Procedure 1, <u>Defendants move the Court to stay the submission of a motion for summary judgment and subsequent proceedings</u>, including the filing of a Joint Pretrial Order, until the Court issues its ruling upon Defendants' Motion for Partial Summary Judgment (Docket No. 41) and motion to dismiss the amended complaint (Docket No. 63).  Should the Court grant these motions, there will be no further need to file any other

dispositive motion, thus reducing litigation costs and saving valuable and scarce Court's resources. On the other hand, should the Court partially grant Defendants' motion, the issues before the Court would be limited, thus allowing the parties to circumscribe their arguments to whatever claims are left remaining.

10. Since this Honorable Court has yet to set a trial date in this case, this Honorable Court's calendar with respect to this case's trial will not be affected by granting this Motion.

**WHEREFORE**, in furtherance of the economic and just determination of the instant case, appearing Defendants request that the Court enter an Order staying the submission of a Motion for Summary Judgment and subsequent proceedings, including the filing of a Joint Pretrial Order, until the Court issues its ruling upon Defendants' motions filed at Docket Nos. 41 and 63, to wit, Motion for Partial Summary Judgment, and Amended Motion to Dismiss the Amended Complaint, respectively.

**RESPECTFULLY SUBMITTED.**

In San Juan, Puerto Rico, this 25th day of January, 2011.

### CERTIFICATE OF SERVICE

We hereby certify that on this same date we have electronically filed copy of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following attorneys: *Eileen Landron*, Esq., *Eduardo Vera*, Esq., *Luis Rodriguez Muñoz*, Esq., *Maria L. Santiago Ramos*, Esq., and *Julio C. Alejandro Serrano*, Esq.

| | |
|---|---|
| GUILLERMO SOMOZA<br>Secretary of Justice<br><br>GRISEL SANTIAGO CALDERON<br>Deputy Secretary of Justice in Charge of Litigation<br><br>WANDYMAR BURGOS VARGAS<br>Acting Director Federal Litigation Division<br><br><br>s/*Yadhira Ramírez-Toro*<br>**YADHIRA RAMIREZ TORO**<br>***Attorney for Defendants in their personal capacity***<br>USDC No. 217208<br>DEPARTMENT OF JUSTICE<br>GENERAL LITIGATION OFFICE<br>FEDERAL LITIGATION DIVISION<br>P.O. BOX 9020192<br>SAN JUAN, PUERTO RICO 00902-0192<br>TEL. (787) 721-5636<br>FAX (787) 723-9188<br>e-mail: yaelrivka@yahoo.com | s/ *Edgardo Colón Arrarás*<br>**EDGARDO COLÓN-ARRARÁS, ESQ.**<br>**USDC – PR 129612**<br>***Attorney for Defendants in their official capacity***<br>**Goldman Antonetti & Córdova, P.S.C.**<br>P.O. Box 70364<br>San Juan, P.R. 00936-0364<br>Tel.: (787) 759-8000; Ext. 2321<br>Fax: (787) 474-2314<br>E-mail: ecolon@gaclaw.com<br><br>s/ *Luis D. Ortiz Abreu*<br>**LUIS D. ORTIZ-ABREU, ESQ.**<br>**USDC - PR 122113**<br>***Attorney for Defendants in their official capacity***<br>**Goldman Antonetti & Córdova, P.S.C.**<br>P.O. Box 70364<br>San Juan, P.R. 00936-0364<br>Tel.: (787) 759-8000; Ext. 2227<br>Fax: (787) 767-9333<br>E-mail: lortiz@gaclaw.com<br><br>s/Maritza I. Gómez<br>**MARITZA I. GOMEZ, ESQ.**<br>USDC- PR 219311<br>***Attorney for Defendants in their official capacity***<br>**Goldman, Antonetti & Córdova, P.S.C.**<br>P.O. Box 70364<br>San Juan, P.R. 00936-0364<br>Tel.: (787) 759-8000; Ext. 2163<br>Fax: (787) 767-9333<br>mail: maritza.gomez@gaclaw.com |